## GEORGE W. COPLEY *v.* HASSON AND LAZANE.

In this case the plaintiff claimed, under a sheriff's adjudication of the property, by virtue of an order of seizure and sale *via executiva ;* the defendants, under a tax collector's sale for taxes. *Held ;* That the tax sale was null, because the property was not sold for the amount of the special mortgages existing upon it.

That the hypothecary action was not necessary, because the defendants were not, at the time of the seizure, in the actual or even civil possession of the property, under the tax sale.

That as between mortgagor and mortgagee, the property was clearly mortgaged by the *proces verbal* of sale.

APPEAL from the District Court of the Parish of Jackson, ———, J.*
By the court:

ROST, J. When this case was before the court, at the last term of this court at Monroe, we examined with great minuteness the respective pretensions of the parties to the property in controversy. We left open but three subjects for further examination by the district court, and for which the case was remanded.

The plaintiff claimed under a sheriff's adjudication of the property, by virtue of an order of seizure and sale *via executiva ;* the defendants, under a tax collector's sale for taxes.

The order of seizure and sale was granted before the tax sale, but was not executed until afterwards. We left the question open to ascertain whether the plaintiff should not have proceeded against the defendants, as third possessors, by the hypothecary action, properly so called, and not against the mortgagor alone.

The defendants having purchased at a tax sale, did not appear to have afterwards advertised, as required by the existing laws, in order to enable the owners to redeem, or the purchasers to perfect their title in default of redemption.

As the property had been sold, not for taxes upon it, but for a tax upon a tavern, and therefore there was no privilege upon the property, we doubted the validity of the sale, inasmuch as it did not sell for the amount of the special mortgages upon it.

No new light or evidence has been thrown upon these questions, except that the defendants had not actual possession, under the tax sale, when the order of

---

*This case was decided in New Orleans by consent.

<div style="margin-left:2em">COPELEY<br>v.<br>HASSON.</div>

seizure and sale was executed; nor hardly a civil possession, inasmuch as the tax sale had not been completed by the publications necessary to enable the owner to redeem.

We are of opinion that the tax sale was null, because the property was not sold for the amount of the special mortgages existing upon the property. And further, that the order of seizure and sale, under which the plaintiff's claim was properly executed against the original mortgagors, and that the hypothecary action against the possessors was not necessary, because the defendants were not, at the time, in the actual or even civil possession of the property under the tax sale.

The argument of defendants against the order of seizure and sale, upon the supposition that the mortgage was not recorded in the mortgage office fails, because it appears at page 56 of this long record, that it was duly recorded in the mortgage office.

As between the mortgagor and mortgagee, the property was clearly mortgaged by the *proces verbal* of sale, and that was exhibited to the district judge, as he orders the mortgage property as specified in the *proces verbal*, to be seized and sold, as claimed in the petition, that is, for the payment of its price.

The district court appears to have made out a very just and equitable estimation of the improvements, as well as of the rents and profits of the property seized, for according to the evidence, if a writ of possession should be issued before the balance found in favor of the defendants shall be paid, it might be enjoined.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be affirmed, with costs.